UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RANDY JACKSON, ET AL.,                )
                                      )
        Plaintiffs,                   )
                                      )        CIVIL ACTION NO.
VS.                                   )
                                      )        3:06-CV-2005-G
WAL-MART ASSOCIATES, INC.,            )
                                      )        **ECF**
        Defendant.                    )

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"),[1] for summary judgment. For the reasons set forth below, the motion is granted in part and denied in part.

I. BACKGROUND

On May 13, 2006, plaintiff Randy Jackson ("Jackson") purchased a small angle grinder ("grinder") from Wal-Mart. Plaintiffs' Fourth Amended Complaint ("Complaint") at 2. The grinder purportedly was a Model 7750 grinder

---

[1] The plaintiffs incorrectly named Wal-Mart as Wal-Mart Associates, Inc. Defendant Wal-Mart Stores Texas, LLC's Brief in Support of Motion for Summary Judgment ¶ 1.

manufactured by Black & Decker (U.S.) Inc. ("Black & Decker ") in 2005. *See* Defendant Black & Decker (U.S.) Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories, Exhibit A, *located in* Defendant Wal-Mart Stores Texas, LLC's Appendix in Support of its Motion for Summary Judgment at 6, 8. On May 27, 2006, as Jackson was using the grinder, the grinding wheel assembly dislodged from the grinder. Complaint at 2. The dislodged piece ripped into his leg and shattered his bone, a severe injury requiring surgery. *Id*.

On November 1, 2006, Jackson and his wife Pamela Jackson sued Black & Decker.[2] On February 5, 2007, the plaintiffs amended their complaint against Black & Decker. *See* Plaintiffs' First Amended Complaint. On March 22, 2007, the plaintiffs added Wal-Mart as a defendant. *See* Plaintiffs' Second Amended Complaint. On June 4, 2007, Wal-Mart answered the second amended complaint and filed a cross-claim against Black & Decker. *See* Defendant Wal-Mart Associates, Inc.'s Original Answer to Second Amended Complaint & Cross Claim. On September 17, 2007, Wal-Mart amended its cross-claim. *See* Defendant Wal-Mart Associates, Inc.'s Amended Original Answer to Second Amended Complaint & Cross Claim. On October 25, 2007, plaintiffs moved for leave to amend their complaint due to their settlement with Black & Decker.

---

[2] The plaintiffs incorrectly named Black & Decker (U.S.) Inc. as Black & Decker (U.S.), Inc. a/k/a Dewalt Industrial Tool Co a/k/a Porter-Cable. Defendant, Black & Decker (U.S.) Inc.'s Original Answer to Plaintiffs' Original Complaint at 1.

After leave was granted, the plaintiffs amended their complaint on October 31, 2007. *See generally* Complaint. The plaintiffs contend that Wal-Mart sold the grinder as new when it was, in fact, a returned item. *Id.* at 2. The plaintiffs assert that Wal-Mart failed to inform Jackson that the grinder had been disassembled and reassembled, and that Wal-Mart knew or should have known that the grinder was "deteriorated, reconditioned, reclaimed, used, secondhand and/or reassembled post-manufacturing causing it to fail. . . ." *Id*.

As a result, the plaintiffs allege, Wal-Mart violated the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE ANN. § 17.41, *et seq.*, and breached the implied warranty of merchantability. *Id.* at 2-3. They seek damages for past and future extreme emotional distress, mental anguish, loss of consortium, and medical expenses. *Id*. at 3.

Wal-Mart "seeks summary judgment as to all claims asserted by Plaintiffs." Defendant Wal-Mart Stores Texas, LLC's Brief in Support of Motion for Summary Judgment ("Motion") ¶ 2. Wal-Mart, however, only addressed the plaintiffs' DTPA and implied warrant of merchantability claims in its motion. See generally *id*. Wal-Mart asserts that there is no evidence of misrepresentation or defect, and further, that there is no evidence that Wal-Mart was a proximate cause, producing cause, or cause in fact to Mr. Jackson's injuries. *Id*. ¶¶ 19, 20.

II.  ANALYSIS

A.  Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.[3]  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant makes this showing, the nonmovants must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Id*. at 323-24.  To carry this burden, the opponents must do more than simply show some metaphysical doubt as to the material facts.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, they must show that the evidence is sufficient to support a resolution of the factual issue in their favor.  *Anderson*, 477 U.S. at 249.  All of the evidence must be viewed, however, in a light most favorable to the motion's

---

[3]  The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

opponents. *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

B. DTPA Claims

To prevail on their DTPA claims, the plaintiffs must prove that Wal-Mart's deceptive acts were the producing cause of their damages. See *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). The plaintiffs contend that Wal-Mart violated the DTPA by

> representing that [the] goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand; . . . advertising goods or services with intent not to sell them as advertised; . . . making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions; . . . [and] fail[ing] to disclose information that the grinder was a 'returned' item which had been disassembled and then re-assembled post manufacturing and that . . . Wal-Mart knew or should have known this at the time of the transaction and the failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered into had the information been disclosed.

Complaint at 2-3.

To state a valid DTPA claim, a plaintiff must be able to show: (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) those acts were a producing cause of the consumer's damages. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1); see also *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.) (citing *Chamrad v. Volvo Cars of North America*, 145 F.3d 671,

672 n.3 (5th Cir. 1998)), *cert. denied*, 537 U.S. 950 (2002). DTPA section 17.46(b) prohibits conduct constituting a "false, misleading, or deceptive act or practice." To be actionable, however, the violation must also be a producing cause of the injury, which requires proof of causation in fact. *Alexander v. Turtur & Associates, Inc.*, 146 S.W.3d 113, 117 (Tex. 2004); see also *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). Causation in fact means that the defendant's conduct was a substantial factor in bringing about the injury which would not otherwise have occurred. *Peeler*, 909 S.W.2d at 498 (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995)).

First, in their response, the plaintiffs effectively eliminated any fact issues as to whether there was a price reduction when they incorporated the testimony of Wal-Mart's corporate representative, who stated that the receipt showed the purchase of a full-price grinder and did not reveal a discount or sale item. *See* Plaintiff's Brief in Support of Plaintiff's Response to Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment ("Response") at 12-13. Further, plaintiffs produce no evidence in their complaint or response that Wal-Mart made misleading statements to the plaintiff that there would be a price reduction. See *id.* Thus, there is no genuine issue of material fact regarding section DTPA section 17.46(b)(11), and the court grants Wal-Mart's motion for summary judgment as to this claim.

Second, the primary purpose of DTPA section 17.46(b)(9) is the prevention of "bait advertising," a practice by which a seller seeks to attract customers through advertising products at low prices which he does not intend to sell in more than nominal amounts. *Smith v. Baldwin*, 611 S.W.2d 611, 615 (Tex. 1980). There is simply no evidence in the record to support the contention that the plaintiffs bought the grinder in reliance upon any advertising, much less "bait advertising." Therefore, there is no issue of fact regarding section 17.46(b)(9), and the court grants Wal-Mart's motion for summary judgment as to this claim.

Third, under section 17.46(b)(24), the "failure to disclose material information necessarily requires that the defendant have *known* the information and have failed to bring it to the plaintiff's attention." See *Doe*, 907 S.W.2d at 479 (emphasis in original). There is no duty if a defendant fails to disclose material facts it did not know, even if it should have known. See *id.* (citing *Prudential Insurance Company of America v. Jefferson Associates, Ltd.*, 896 S.W.2d 156, 162 (Tex. 1995)). There must also be an intent to induce the consumer into a transaction he would not have otherwise entered, and the defendant's actions must be the producing cause of the injuries. *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(24).

In the case at hand, when the evidence is viewed in the light most favorable to the plaintiffs, there is sufficient evidence that the grinder had been previously bought and returned before Mr. Jackson purchased it and that the product was defective

when Wal-Mart sold it. *See* Response at 9-10. Further, the plaintiffs sufficiently allege fact issues as to whether Wal-Mart knew of the defect in the returned product, whether this fact was material to the transaction, whether Wal-Mart intended to induce the plaintiffs into a transaction by failing to disclose that information, and whether that conduct was a producing cause of the plaintiffs' injuries. See *id.* at 9-10, 20-22. Therefore, the court denies Wal-Mart's motion for summary judgment as to the plaintiffs' DTPA § 17.46(b)(24) claim.

Finally, section 17.46(b)(6) requires a representation that an item is new when it in fact is used or secondhand. There is no requirement of intent on the part of the defendant. *See* TEX. BUS. & COM. CODE § 17.46(b)(6). Texas has little case law addressing this section of the DTPA, but cases have generally held that items that were previously purchased and then sold as new upon return fit the definition of a "used" item within the meaning of the act when that fact was material to the transaction. See *Ancira GMC Trucks and Motor Homes, Inc. v. Motor Vehicle Board*, 1999 WL 699830, *2-3 (Tex. App.--Austin 1999, pet. den'd) (finding that a motor home that was previously purchased and returned and then resold as new fell under section 17.46(b)(6) of the DTPA).

In this case, plaintiffs have sufficiently raised fact issues as to whether the grinder was in fact a used item that was returned with a defect, whether this fact was material to the transaction, and whether the misrepresentation of this fact was a

producing cause of the plaintiffs' injuries.  *See* Response at 9-10, 12.  Therefore, the court denies Wal-Mart's motion for summary judgment as to this claim.

C.  Implied Warranty Claims

Under Texas law, a warranty of merchantability is implied in every contract for the sale of goods by a merchant, unless the warranty is properly excluded or modified. TEX. BUS. & COM. CODE § 2.314(a).  To prove a breach of implied warranty of merchantability, the plaintiffs must be able to demonstrate a defect in the condition of the goods that renders them "unfit for the ordinary purposes for which they are used."  *Plas-Tex, Inc. v. U.S. Steel Corporation*, 772 S.W.2d 442, 443-44 (Tex. 1989); *see also* TEX. BUS. & COM. CODE ANN. § 2.314(b)(3).  The plaintiffs have the burden to prove that the goods were defective at the time they left the seller's possession, and they may do so by using direct or circumstantial evidence.  *Plas-Tex*, 772 S.W.2d at 444.  "Evidence of proper use together with a malfunction may be sufficient evidence of a defect."  *Id.* at 444-45.

In the instant case, the plaintiffs have produced evidence sufficient to raise a fact issue as to whether the grinder was defective and thus unfit for its ordinary purposes when it was sold it to Jackson.  *See* Response at 15-17.  Therefore, the court denies Wal-Mart's motion for summary judgment as to the plaintiffs' breach of implied warranty of merchantability claim.

## III. CONCLUSION

After careful consideration of the briefs and record in this case, the court concludes that Wal-Mart has demonstrated that no genuine issues of material fact exist as to plaintiffs' TEX. BUS. & COM. CODE § 17.46(b)(9) and (11) claims. To this extent, Wal-Mart's motion for summary judgment is **GRANTED**. However, for the reasons stated above, defendant's motion for summary judgment as to the remaining claims is **DENIED**.

**SO ORDERED**.

August 21, 2008.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**