UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY JACKSON, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-2005-G |
| BLACK & DECKER (U.S.), INC. a/k/a ) | |
| DeWALT INDUSTRIAL TOOL CO. ) | **ECF** |
| a/k/a PORTER-CABLE, ) | |
| ) | |
| Cross-Defendant, ) | |
| ) | |
| AND ) | |
| ) | |
| WAL-MART ASSOCIATES, INC., ) | |
| ) | |
| Defendant/Cross Claimant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the motion of cross-defendant Black & Decker (U.S.) Inc., ("Black & Decker"). For the reasons set forth below, the motion is denied.

I. BACKGROUND[1]

On November 1, 2006, plaintiffs Randy Jackson ("Jackson") and his wife Pamela Jackson sued Black & Decker after a Model 7750 grinder ("grinder") manufactured by Black & Decker malfunctioned and injured Jackson. Memorandum Opinion and Order at 1-2. Jackson had purchased the grinder at a Wal-Mart store. *Id*. at 1. On March 22, 2007, the plaintiffs added Wal-Mart as a defendant. *See* Plaintiffs' Second Amended Complaint. On June 4, 2007, Wal-Mart answered the second amended complaint and filed a cross-claim against Black & Decker. *See* Defendant Wal-Mart Associates, Inc.'s Original Answer to Second Amended Complaint & Cross Claim. On September 17, 2007, Wal-Mart amended its cross-claim. *See* Defendant Wal-Mart Associates, Inc.'s Amended Original Answer to Second Amended Complaint & Cross Claim. On October 25, 2007, the plaintiffs moved for leave to amend their complaint due to their settlement with Black & Decker.

After leave was granted, the plaintiffs amended their complaint on October 31, 2007, dropping Black & Decker as a defendant. *See generally* Plaintiffs' Fourth Amended Complaint ("Complaint"). In the amended complaint, the plaintiffs alleged

---

[1] This court's memorandum order of August 21, 2008, granting in part and denying in part the motion of defendant Wal-Mart Stores Texas, LLC ("Wal-Mart") for summary judgment contains a detailed discussion of the facts of this case. *See generally* Memorandum Opinion and Order dated August 21, 2008 ("Memorandum Opinion and Order").

that Wal-Mart sold the grinder as new when it was, in fact, a returned item. *Id.* at 2. The plaintiffs asserted that Wal-Mart failed to inform Jackson that the grinder had been disassembled and reassembled, and that Wal-Mart knew or should have known that the grinder was "deteriorated, reconditioned, reclaimed, used, secondhand and/or reassembled post-manufacturing causing it to fail. . . ." *Id*.

In consequence, the plaintiffs alleged, Wal-Mart violated the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE ANN. § 17.41, *et seq.*, and breached the implied warranty of merchantability. *Id.* at 2-3. They sought damages for past and future extreme emotional distress, mental anguish, loss of consortium, and medical expenses. *Id*. at 3. Wal-Mart moved for summary judgment on all claims.

On November 8, 2007, as a result of its settlement with the plaintiffs, Black & Decker moved for summary judgment on Wal-Mart's cross-claim involving Black & Decker's alleged duty to indemnify Wal-Mart for costs beyond the date of the settlement. *See generally* Cross-Defendant, Black & Decker (U.S.) Inc.'s Brief in Support of Motion For Summary Judgment ("Motion"). On November 14, 2007, the plaintiffs filed a brief in support of Black & Decker's motion. *See generally* Plaintiffs' Response to Defendant Wal-Mart's Response to Defendant Black & Decker's Motion for Summary Judgment as to Defendant Wal-Mart's Cross-Claim and Support of Defendant Black & Decker's Motion for Summary Judgment

("Plaintiffs' Response"). For its part, Wal-Mart asserts that Black & Decker is obligated to provide Wal-Mart with ongoing indemnity because the remaining causes of action "arise[] out" of the products liability claim. Defendant Wal-Mart Stores Texas, LLC's Brief in Support of Defendant's Response to Black & Decker (U.S.) Inc.'s Motion for Summary Judgment ("Response") at 3.

On August 21, 2008, this court found insufficient evidence to show "that Wal-Mart made misleading statements to the plaintiff [about whether] there would be a price reduction" or whether "the plaintiffs bought the grinder in reliance upon any advertising, much, less 'bait advertising.'" Memorandum Opinion and Order at 6-7. The court dismissed the plaintiffs' claims under TEX. BUS. & COM. CODE §§ 17.46(b)(11) and 17.46(b)(9). *Id.* However, the court identified fact issues regarding "whether the grinder was in fact a used item that was returned with a defect, whether this fact was material to the transaction, and whether the misrepresentation of this fact was a producing cause of the plaintiffs' injuries," thus denying Wal-Mart's motion for summary judgment on the plaintiffs' claims under TEX. BUS. & COM. CODE §§ 17.46(b)(24), 17.46(b)(6) and 2.314(a). *Id.* at 8-9. The court also identified a fact issue regarding "whether the grinder was defective and thus unfit for its ordinary purposes when it was sold to Jackson" in violation of the implied warranty of merchantability. *Id.* at 9.

II. ANALYSIS

A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.[2] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id*. at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, it must show that the evidence is sufficient to support a resolution of the factual issue in its favor. *Anderson*, 477 U.S. at 249. All of the evidence must be viewed, however, in a light most favorable to the motion's

---

[2] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

opponent.  *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

B.  Duty to Indemnify

A manufacturer owes a duty to indemnify an innocent seller for loss arising out of a products liability action, unless the loss was caused by the seller's negligence or intentional misconduct.  *Meritor Automotive, Inc. v. Ruan Leasing Company*, 44 S.W.3d 86, 90 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 82.002(a), 82.003(a)(5).  Black & Decker asserts that it has no further duty to indemnify Wal-Mart because the plaintiffs have released all of their rights to any further products liability claims.  Motion at 2.  Black & Decker contends that because that part of the claim which invoked its duty to indemnify has been settled, and Wal-Mart could only be found liable for its independent conduct, Black & Decker should no longer have any obligation to indemnify.  *Id.* at 3.

"A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable." *General Motors Corporation v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 255 (Tex. 2006); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a).  A products liability action is one "in which the claimant seeks damages for injury '*allegedly caused by*' a defective product."

*Meritor*, 44 S.W.3d at 90 (emphasis in original). "To escape this duty to indemnify, the indemnitor must *prove* the indemnitee's independent culpability." *Hudiburg*, 199 S.W.3d at 255 (emphasis added). "[A] mere allegation that the seller was negligent [will] not suffice to invoke the exception." *Meritor*, 44 S.W.3d at 90; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a). "'The duty to indemnify under this section . . . applies without regard to the manner in which the action is concluded' -- whether by judgment, settlement, or dismissal." *Hudiburg*, 199 S.W.3d at 256; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(e)(1). A manufacturer is to indemnify a seller for all losses "that relate to plaintiff's injury as part of the 'products liability action' . . . exclud[ing] only those losses 'caused by' the seller." *Meritor*, 44 S.W.3d at 90; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a).

In *Meritor*, 44 S.W.3d 86, a truck driver was injured after opening the hood of a leased truck. *Id*. at 87. The truck driver then filed a defective product claim against the manufacturer of the truck and the manufacturer of the truck's hood. *Id*. He also joined the truck's owner, which had leased the truck to the driver's employer. *Id*. The manufacturers agreed to defend their product and the truck's owner. *Id*. Later, the truck driver amended his petition, alleging that the truck's owner was independently negligent for improper maintenance of the hood. *Id*. The truck's owner then filed a cross-claim against the manufacturers for indemnification. *Id*.

On the eve of trial, the truck driver settled with both manufacturers and non-suited his claims against the truck's owner. *Id*. Thus, only the truck owner's indemnification claim against the manufacturers remained. *Id*. The Court held that "a 'products liability action' includes not only products liability claims but also other theories of liability properly joined thereto," and that "the exception to that duty is established by finding that the seller's independent conduct was a cause of the plaintiff's injury." *Id.* at 91. Thus, because a finding that a seller was independently liable is required, until such time as it is determined that Wal-Mart committed independently negligent acts, Black & Decker's statutory duty to defend Wal-Mart remains in effect.

Similarly, in *Hudiburg*, 199 S.W.3d 249, the Court held that summary judgment was not appropriate unless it were proven that the plaintiff's injuries were causally related to the seller's act. *Id.* at 259. Specifically, the court found that a manufacturer is not liable for loss attributable to a seller which independently contracted with a component part manufacturer for assembly of the finished product and thus assumed the role of both manufacturer and seller. *Id.* at 261. However, a mere allegation "of defect in a manufacturer's product" is all that is required to trigger statutory indemnity. *Id*. Thus, until Wal-Mart's independent liability as a seller is proven, it is still entitled to indemnity.

Texas Civil Practices and Remedies Code section 82.003(a)(5) provides that

> (a) [a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>
> * * *
>
> (5) that:
> (A) the seller made an express factual representation about an aspect of the product;
> (B) the representation was incorrect;
> (C) the claimant relied on the representation in obtaining or using the product; and
> (D) if the aspect of the product had been represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm.

*Id*.

Both the plaintiffs and Black & Decker assert that changes made to the above statute in 2003 support a finding of no further liability on the part of Black & Decker. Motion at 7; Plaintiffs' Response at 2. They maintain that because the only allegations yet to be resolved pertain to Wal-Mart's independent conduct, there is no more liability for harm caused by the product. *Id*. However, in *Hudiburg*, issued after the 2003 revisions to the statute, the Court held that a mere allegation of a defect was enough to trigger the statutory duty of indemnify. *Hudiburg*, 199. S.W.3d at 261. That is, the duty to indemnify is triggered by a plaintiff's pleading claiming harm caused *by the product*; the exception to that duty is established by *proving* independent liability on the part of the seller. In the instant case, the plaintiffs have merely alleged a fact issue but have not yet proven that Wal-Mart was liable for

independent harm apart from harm caused by the product.  Thus, Wal-Mart's duty of indemnity from Black & Decker is ongoing.

The plaintiffs allege that this case is no different than if the case was dismissed and re-filed against Wal-Mart only, alleging negligence and violations of the DTPA. Plaintiffs' Response at 2.  The statutory duty to indemnify a seller is invoked when "a seller . . . give[s] reasonable notice to the manufacturer of a product claimed . . . to be defective, unless the manufacturer has been served as a party or otherwise has actual notice of the action."  TEX. CIV. PRAC. & REM. CODE § 82.002(f).  Actual notice is given to a manufacturer when it is a party to a products liability action and that is why the duty to indemnify is said to be "triggered by the injured claimant's pleadings." *Hudiburg*, 199 S.W.3d at 256.  In this case, Black & Decker had actual notice when it was sued on November 1, 2006.  Thus, since that date, Black & Decker has had notice of this products liability action, requiring it -- by virtue of the requirements of § 82.002 -- to indemnify the seller unless the seller's independent liability is proven.

Finally, the plaintiffs contend that an adverse ruling would require "manufacturers to indemnify every seller for any and all DTPA claims made." Plaintiffs' Response at 2-3.  However, manufacturers are not required to indemnify all DTPA claims made.  "The purpose of section 82.002 is to protect innocent sellers who are drawn into products liability litigation solely because of the vicarious nature

of that liability by assigning responsibility for the burden of the litigation to the product manufacturers." *Hudiburg*, 199 S.W.3d at 262. Once the statutory duty to indemnify is triggered, it may be avoided only if there is a finding of independent liability by the seller. Therefore, the court denies Black & Decker's motion for summary judgment on these claims.

### III. CONCLUSION

For the reasons stated, the court concludes that Black & Decker has not demonstrated that it is no longer required, as a matter of law, to indemnify Wal-Mart. Accordingly, Black & Decker's motion for summary judgment is **DENIED**.

**SO ORDERED**.

November 14, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**